# State of Tennessee
## IN THE CHANCERY COURT FOR WARREN COUNTY

JIMMY BONNER
                                    PLAINTIFF
VS.                                                          DOCKET NO. 13077

LIBERTY MUTUAL INSURANCE
                                    DEFENDANT

## SUMMONS

TO DEFENDANT: LIBERTY MUTUAL INSURANCE
WHOSE ADDRESS IS C/O Commissioner of Commerce & Insurance
                 500 James Robertson Parkway Nashville, TN 37243-0565
OTHER SERVICE INFORMATION _____

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, Warren County Courthouse, Suite 101, 111 S. Court Sq., McMinnville, Tennessee 37110. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 25th day of May, 20 16.

By: _____Myra D. Maka_____
DEPUTY CLERK & MASTER

Timothy Pirtle    006379
Plaintiff Attorney               BPR#
or Plaintiff if no attorney (*pro se*)

116 South Court Square
Address

McMinnville, TN 37110

931-473-1234
Tel. NO.                         Fax NO.

### NOTICE TO DEFENDANT(S)
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

♿ For assistance please call:
(931) 473-5119

EXHIBIT A

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I
          (Date)                        (Date)

☐ served this summons and a complaint on defendant, _____
                          (Printed Name of Defendant)

in the following manner:

_____

_____

_____

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____    _____
Process Server Name (Printed)       Process Server Signature

        _____
              Address
       _____

       _____

CHANCERY COURT OF WARREN COUNTY, TENNESSEE
AT MCMINNVILLE

FILED

MAY 2 5 2016

4:13 CK

MYRA D. MARA
Clerk & Master

JIMMY BONNER,

    Plaintiff,

v.

Docket No. 13077
JURY DEMANDED

LIBERTY MUTUAL INSURANCE,

    Defendant.

## COMPLAINT

Plaintiff, JIMMY BONNER, by and through counsel, complaining against defendant, LIBERTY MUTUAL INSURANCE, represents:

### PARTIES AND JURISDICTION

1. JIMMY BONNER (hereafter "Plaintiff") is a resident of McMinnville, Warren County, Tennessee. At all times relevant hereto, Plaintiff was the owner of the real estate, dwelling, other structures, and personal property located at 113 Black Street, McMinnville, Tennessee (the "Insured Premises").

2. Defendant, LIBERTY MUTUAL INSURANCE (hereafter "LIBERTY MUTUAL") is an insurance company engaged in the insurance business in the State of Tennessee, including Warren County. Upon information and belief, LIBERTY MUTUAL's principal office is located in Montgomeryville, Pennsylvania.

3. This Complaint originates as the result of a fire that substantially or totally damaged or destroyed the structure and personal property located on the Insured Premises.

## FACTS

4. At all times relevant hereto, Plaintiff was party to an insurance contract whereby LIBERTY MUTUAL agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, upon information and belief bearing Policy No. H32-251-038129-60 (the "Policy"). The Policy's term was June 12, 2015 to June 12, 2016. The Policy is incorporated herein by reference as if set forth verbatim.

5. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area in which Plaintiff and his spouse resided.

6. The Policy provided insurance coverage for direct physical loss to the dwelling located on the Insured Premises, as well as coverage for damage to personal property resulting from direct physical losses. The Policy also provided coverage for debris removal, additional living expenses, damage to trees, shrubs, plants, and lawns, and such other insurance coverage as specifically set forth in the Policy.

7. The Declarations page of the Policy reveals that coverage was provided in the following amounts:

   a. Dwelling                                $146,800

   b. Other Structures                        $14,680

   c. Personal Property                       $110,100

   d. Loss of Use/Additional Living Expense   Actual loss

8. The Policy covered the peril of fire and the Loss, as defined below, is not otherwise excluded by the Policy.

2

9. Pursuant to the Policy, Plaintiff paid an annual premium to LIBERTY MUTUAL in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

10. On or about May 30, 2015 an accidental fire damaged or destroyed the dwelling and personal property located on the Insured Premises, resulting in a total loss (the "Loss").

11. Plaintiff promptly reported the Loss to Liberty Mutual.

12. Plaintiff fulfilled all of the duties after the Loss that were imposed upon him by the Policy to the satisfaction of Liberty Mutual.

13. As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy and LIBERTY MUTUAL has acknowledged the Loss is a compensable claim.

14. Upon information and belief, LIBERTY MUTUAL has paid some amounts to a contractor that LIBERTY MUTUAL hired to repair the damages caused to the dwelling and some amounts for partial payment of contents. Additionally, LIBERTY MUTUAL has made a partial payment of additional living expenses. No other payments have been made.

15. Despite the fact that Plaintiff has fulfilled all duties imposed upon him by LIBERTY MUTUAL and is at no fault in this matter, LIBERTY MUTUAL has wrongfully failed or refused to fully and promptly pay Plaintiff's claim for insurance proceeds.

16. Plaintiff has made multiple attempts to obtain information from LIBERTY MUTUAL concerning the status of his claim to no avail.

17. In addition, the contractor, APEX, Inc., hired by LIBERTY MUTUAL to repair the dwelling was wholly incompetent and caused extensive damage to the dwelling and attempted repairs with gross negligence, incompetence and outside any building standard.

3

18. To date, LIBERTY MUTUAL has made no payments for the damage to Plaintiff's personal property, nor has LIBERTY MUTUAL fully paid Plaintiff's claim associated with the dwelling or additional living expenses. LIBERTY MUTUAL has also failed to fully pay Plaintiff for his additional living expenses.

19. LIBERTY MUTUAL'S failure and refusal to pay Plaintiff the amounts owed to him for the Loss is without justification.

20. LIBERTY MUTUAL'S failure and refusal to pay the money and benefits due and owing Plaintiff under the Policy has caused Plaintiff to initiate this Complaint to recover the insurance proceeds to which they are entitled.

## CAUSES OF ACTION

### Count 1 – Breach of Contract (against Liberty Mutual)

21. The allegations contained in Paragraphs 1-20 of this Complaint are incorporated herein by reference as if set forth verbatim.

22. The Policy issued by LIBERTY MUTUAL is a binding contract, and is supported by valid consideration.

23. LIBERTY MUTUAL is in total material breach of the Policy, and LIBERTY MUTUAL is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, LIBERTY MUTUAL's breach of contract includes the following, without limitation: (a) LIBERTY MUTUAL's failure and refusal to pay the amounts owed to Plaintiffs for the damage to the dwelling on the Insured Premises caused by the Loss; (b LIBERTY MUTUAL's failure and refusal to pay the amounts owed to Plaintiffs for the personal property that was damaged during the Loss; (c) LIBERTY MUTUAL'S failure and refusal to pay all amounts owed to Plaintiffs for damage to trees, shrubs, plants and as a result of the Loss; (d)

4

LIBERTY MUTUAL'S failure and refusal to pay all amounts owed to Plaintiffs for the costs of debris removal associated with the Loss; (e) LIBERTY MUTUAL'S failure and refusal to fully pay Plaintiffs their additional living expenses incurred as a result of the Loss; and (f) LIBERTY MUTUAL'S failure and refusal to pay such other amounts to Plaintiffs as may be required by the Policy.

24. As a result of LIBERTY MUTUAL'S breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy.

25. LIBERTY MUTUAL is liable to Plaintiff for his losses.

26. LIBERTY MUTUAL'S breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 2013 Tenn. App. LEXIS 712, *47 (Tenn. Ct. App. Oct. 31, 2013). Specifically, LIBERTY MUTUAL intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiff's claim for insurance proceeds; (3) unjustly refused and/or failed to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) ignored Plaintiff's claim for no valid reason whatsoever; (5) failed to treat Plaintiff's interests with equal regard to its own; (6) promised prompt action and claim-handling but the failed to provide any payment or even any communication or status report; (7) ignored Plaintiff's requests for status updates; (8) failed to acknowledge with reasonable promptness communications from Plaintiff; (9) failed and refused to pay Plaintiff's valid claim; (10) failing to provide any explanation whatsoever for its delay; (11) refused to properly communicate with Plaintiff concerning his damaged personal property; (12) hired biased adjusters to appraise or value the

5

contents of the residence damages or destroyed in the fire and attempt to adjust or settle the claim of Plaintiff for actual cash value, as opposed to the replacement value plainly covered in the policy; (13) misrepresented the nature and value of the contents removed by said adjusters or restoration service and asserted that items damaged by smoke and water were subject to being adequately restored; (14) refused to return Plaintiff's phone calls; (15) failed to timely investigate, scope, and estimate the Loss; and (16) unnecessarily delayed payment of Plaintiff's losses. LIBERTY MUTUAL knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due him under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, LIBERTY MUTUAL consciously ignored Plaintiff's valid claim and then denied Plaintiff's claim and withheld monies and benefits rightfully due Plaintiff. Plaintiff seeks, and is entitled to, punitive damages.

**Count 2 – Statutory Bad Faith**

27. The allegations contained in paragraphs 1-26 of this Complaint are incorporated herein by reference as if set forth verbatim.

28. LIBERTY MUTUAL'S refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on LIBERTY MUTUAL and full payment has not been made for the Loss as required pursuant to the Policy, for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

6

33. The bad faith of LIBERTY MUTUAL is evidenced by the fact that, at all times hereto, LIBERTY MUTUAL knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due him under the terms of the Policy and as otherwise promised and represented by Liberty Mutual, as well as the actions of LIBERTY MUTUAL as set forth in paragraph 26 above. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, LIBERTY MUTUAL consciously refused to fully pay Plaintiff's valid claim and withheld monies and benefits rightfully due Plaintiff.

34. LIBERTY MUTUAL'S bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

   a. LIBERTY MUTUAL'S intentional failure to fully inform Plaintiff of his rights and obligations under the Policy;

   b. LIBERTY MUTUAL'S intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when liability was reasonably clear;

   c. LIBERTY MUTUAL'S intentional refusal to pay Plaintiff's claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

   d. LIBERTY MUTUAL'S intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it has no further obligations to Plaintiff;

7

e. LIBERTY MUTUAL'S engaging in acts and practices toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to Plaintiff;

f. LIBERTY MUTUAL'S failure to promptly provide Plaintiff with a reasonable and accurate explanation for its failure to honor the entirety of Plaintiff's claim;

g. LIBERTY MUTUAL'S intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for his losses;

h. LIBERTY MUTUAL'S intentional failure to pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

i. LIBERTY MUTUAL'S unjustified refusal to pay Plaintiff's claim for its own financial preservation; and

j. LIBERTY MUTUAL'S actions and inactions as set forth in paragraph 26 above, all of which is incorporated herein by reference.

35. In so acting, LIBERTY MUTUAL intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished via the twenty-five (25%) bad faith penalty as authorized by statute.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment to Plaintiffs as follows:

A. For compensatory damages to Plaintiffs against LIBERTY MUTUAL not to exceed $250,000.00;

B. For punitive damages against LIBERTY MUTUAL not to exceed $2,000,000.00;

C. For a statutory bad faith penalty of twenty-five (25%) of Plaintiff's claim

D. For all costs incurred by Plaintiff as a result of this action;

8

E.  For pre- and post-judgment interest; and

F.  For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a jury of twelve to try the issues joined.

Respectfully submitted,

_____
Timothy Pirtle #006379
Pirtle & Little, Lawyers
116 South Court Square
McMinnville, TN 37110

## COST BOND

Jimmy Bonner as principal and the law firm of Pirtle & Little stand as surety for costs in this cause.

_____
Jimmy Bonner, Principal

Pirtle & Little, Lawyers

BY: _____
Timothy Pirtle

The undersigned Chancery Court Clerk do hereby certify that this is a true and correct copy of the original of this instrument filed in this office.
This the ___ day of _____, 2016.
Chancery Court Clerk,
_____ D.C.



**TN** Department of
**Commerce &**
**Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

## CERTIFIED MAIL®



7015 0640 0007 0043 8618



FIRST CLASS

02 1R  $ 06.88
0002009736  JUN 07 2016
MAILED FROM ZIP CODE 37243

7015 0640 0007 0043 8618          06/03/2016
LIBERTY MUTUAL INSURANCE COMPANY
2905 POSTON AVENUE, % C S C
NASHVILLE, TN 37203